NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0048n.06
Filed: January 18, 2006

04-4435

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| THOMAS J. SAVOCA, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, GILMAN, and SUTTON, Circuit Judges.

PER CURIAM. The defendant, Thomas Savoca, was convicted by a jury of conspiracy to commit bank robbery, four counts of bank robbery, and two counts of using a firearm in relation to a bank robbery. Prior to the United States Supreme Court's release of its decision in *United States v. Booker*, 543 U.S. 220 (2005), the federal district court imposed a sentence of 927 months (77 years and 3 months) upon Savoca using traditional calculations under the sentencing guidelines. Anticipating the possibility that the federal sentencing guidelines might later be declared unconstitutional, the district judge also imposed an alternative sentence of 70 years. The defendant now appeals his convictions and the district court's sentencing order, challenging the sufficiency of the evidence adduced at trial, the admissibility of certain evidence, the propriety of two jury instructions,

and the constitutionality of the sentence imposed. For the reasons set out below, we find no reversible error and affirm the judgment of the district court both as to the validity of the defendant's convictions and as to the propriety of the alternate sentence of 70 years' imprisonment. We thus remand this matter to the district court solely for the purpose of vacating the 927-month sentence and imposing the 70-year sentence.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Given the nature of the issues presented by the defendant on appeal, we need not engage in a detailed recitation of the facts surrounding the multiple bank robberies with which Savoca was charged. The prosecution offered numerous witnesses who testified about various aspects of robberies and attempted robberies that occurred at federally insured banks in Mentor, Willoughby, Williamsfield, and Concord Township, Ohio, between March 5, 2002, and June 27, 2003. Those witnesses explained how the defendant, in conjunction with other individuals, would "case" banks; procure automobiles, either legally or illegally, to transport themselves to the banks at a later time; enter the banks wearing masks and gloves; force employees and customers at gunpoint to lie on the ground; order an employee to open the bank vault while another of the robbers would take money from tellers; and then make their final getaways in cars other than the ones in which they arrived at the banks.

Based upon the evidence presented, the jury found Savoca guilty of conspiracy to commit bank robbery, four counts of bank robbery, and two counts of using or carrying a

firearm in relation to a crime of violence. Utilizing the calculus mandated by the federal sentencing guidelines, the district judge sentenced the defendant to a total of 927 months in prison.[1] At the time of sentencing, the United States Supreme Court had not yet released its decision in *United States v. Booker*, 543 U.S. 220 (2005). Although we had incorrectly predicted the outcome of *Booker* when we ruled that the guidelines did not violate the Sixth Amendment to the United States Constitution in our *en banc* decision in *United States v. Koch*, 383 F.3d 436, 438, 443 (6th Cir. 2004), *vacated*, 125 S.Ct. 1944 (2005), the district judge, out of an abundance of caution, nevertheless sentenced the defendant not only to a guideline-based sentence, but also to an alternative sentence that he found should be imposed if the federal sentencing guidelines were later held to be unconstitutional. In doing so, the judge relied only upon the applicable statutory provisions and sentenced Savoca to five years in prison on Count 1, 20 years on each of Counts 2-4 and 6, all to run concurrently with each other and with Count 1, and 25 years on each of Counts 5 and 7, to run consecutively with each other and with the concurrent sentences of Counts 1-4 and 6. Consequently, the district court imposed an effective alternative sentence of 70 years upon the defendant. From that judgment, Savoca now appeals, raising numerous allegations of error.

---

[1]The district court's sentence specified: "60 months as to Count 1 [conspiracy] to run concurrent with Counts 2, 3, and 4 [bank robbery]; 240 months each as to Counts 2, 3, and 4 to run concurrent to Counts 1-4 and consecutive to Counts 5, 6, and 7; 87 months as to Count 6 [bank robbery] to run consecutive with Counts 1-4; 25 years as to Count 5 [use or carrying of a firearm in relation to a crime of violence] to run consecutive to Counts 1-4, 6, and 7; 25 years as to Count 7 [use or carrying of a firearm in relation to a crime of violence] to run consecutive with Counts 1-6. Sentence to run consecutive with any previous state or federal sentence."

## II. <u>DISCUSSION</u>

## A. Evidence Of Other Crimes

Savoca contends that the district judge erroneously allowed the prosecution to introduce evidence of a crime not charged in the indictment in an effort to convince the jurors of the defendant's propensity for criminal activity. Rule 404(b) of the Federal Rules of Evidence provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In order to introduce testimony concerning such "other crimes," the prosecution must first "identify the *specific* purpose or purposes for which the government offers the evidence"; then "the district court must determine whether the identified purpose . . . is 'material'"; "the court must . . . determine . . . whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice"; and "the district court must 'clearly, simply, and correctly' instruct the jury as to the *specific* purpose for which they may consider the evidence." *United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996) (citation omitted).

Savoca asserts that the government introduced evidence from a bank robbery that occurred in West Virginia in late July 2003, arguing that the prejudicial effect of such "other crimes" evidence outweighed any probative value the testimony could have had. He also seeks a retrial based upon the fact that the district judge failed to give the jury the limiting instruction required by *Merriweather*.

The prosecution did indeed introduce evidence connected with a bank robbery that took place in West Virginia that was not specifically listed in the federal court indictment of Savoca that is the subject of this prosecution. The testimony elicited by the prosecution did not, however, mention the West Virginia robbery itself or mention the proceeds of that robbery, which were found in the defendant's vehicle. Instead, the testimony of various law enforcement officials merely recounted a police chase of a van driven by the defendant and described items later found by the authorities either in the van itself or alongside the highway over which the van had driven. Those items – black leather gloves, white or tan gloves, a hand-held police scanner, a police radio frequency guidebook, an address book, two masks, a black pellet gun, a chrome .380 semi-automatic weapon, ammunition, and two baseball caps – were later connected with Ohio robberies that *were* included in the indictment.

Furthermore, Count 1 of the indictment in this case alleged that Savoca conspired both with named and unnamed individuals from February 2002 until September 2003 in Ohio, Pennsylvania, Kentucky, "and elsewhere"to rob federally insured banking institutions.

Consequently, as the district judge ruled, the evidence introduced from the police chase of the defendant's van in July 2003 was not truly "other crimes" evidence, but rather evidence related to one of the charged offenses – the conspiracy. As a result, the provisions of Rule 404(b) are not applicable in this situation and the district court did not err in failing to comply with all aspects of a Rule 404(b) analysis.

## B. Jury Instructions

The defendant also alleges error in the failure of the district judge to offer a correct instruction on the manner in which accomplice testimony is to be considered. During the jury charge, the district judge stated:

> Testimony of an accomplice. You have also heard that Timothy L. Perkins was involved in the same crime that the defendant is charged with committing. You should consider Perkins'[s] testimony with more caution than the testimony of other witnesses.
> Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

According to the defendant, such an instruction was both misleading and inconsistent because the court both suggested caution in evaluating accomplice testimony and also indicated that such testimony, standing alone, may be credited by the jury.

The defendant did not lodge a contemporaneous objection to this instruction with the district court. Consequently, our review of the issue is only for plain error. *See, e.g.,*

*United States v. Sherrod*, 33 F.3d 723, 724 (6th Cir. 1994). As we noted in *United States v. Thomas*, 11 F.3d 620, 630 (6th Cir. 1993), discussing *United States v. Olano*, 507 U.S. 725, 732 (1993), when undertaking such an analysis,

> [f]irst, we are to consider whether an error occurred in the district court. Absent any error, our inquiry is at an end. However, if an error occurred, we then consider if the error was plain. If it is, then we proceed to inquire whether the plain error affects substantial rights. Finally, even if all three factors exist, we must then consider whether to exercise our discretionary power under Rule 52(b), or in other words, we must decide whether the plain error affecting substantial rights seriously affected the fairness, integrity or public reputation of judicial proceedings.

The jury charge on accomplice testimony was not erroneous. Indeed, the charge is taken from Sixth Circuit Pattern Instruction 7.08. Furthermore, relevant portions of Perkins's testimony were corroborated by other evidence at trial, thus rendering moot Savoca's contention that a conviction cannot be based solely upon uncorroborated accomplice testimony.

Counts 5 and 7 of the indictment charged Savoca with using or carrying a firearm in relation to a crime of violence. Although the district judge instructed the jury on the concepts of "using" and "carrying," the defendant now insists that the court's failure to define the term "firearm" in the jury charge amounts to reversible error because the relevant statute, 18 U.S.C. § 921(a)(3), specifically defines what is meant by the term "firearm," and the toy guns that accomplice Perkins claims were used during the robberies do not fall within that definition.

Again, however, Savoca did not raise an objection to the applicable jury charge, and our review of the alleged omission is thus only for plain error. *See Sherrod*, 33 F.3d at 724. In this case, any error, however plain, would have to be considered harmless. Although Savoca's accomplice did testify that the robbers used only toy guns that would not satisfy the statutory definition of a "firearm" for purposes of a prosecution under 18 U.S.C. § 924(c), bank tellers and employees and law enforcement officials who recovered weapons and ammunition during the chase of the defendant's van testified without hesitation that the weapons used by Savoca in the relevant bank robberies were "firearms."

## C. Sufficiency Of The Evidence

Counts 2, 3, 4, and 6 of the indictment charged Savoca with committing bank robberies during which he assaulted and put in jeopardy the lives of various individuals "by the use of a dangerous weapon, to-wit": a firearm (Count 2); a handgun (Count 3); a sawed-off shotgun and a handgun (Count 4); and a sawed-off shotgun and a handgun (Count 6). The defendant now contends that the specification in the indictment of certain types of weapons obligated the prosecution to prove that the crimes were committed with those specific instruments. Arguing that such a showing was not made in each instance, Savoca contends that the government failed to establish the necessary elements of the offenses of conviction beyond a reasonable doubt.

Pursuant to the relevant provisions of 18 U.S.C. §§ 2113(a) and (d), however, a specific type of weapon need not be used in order to obtain a conviction. *See United*

*States v. Davis*, 306 F.3d 398, 408-09 (6th Cir. 2002). Rather, § 2113(a) requires only that the prohibited act be accomplished "by force and violence, or by intimidation." Similarly, § 2113(d) simply outlaws a bank robbery during which the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." Inclusion in the indictment of these offenses of the specific type of weapon used is thus mere surplusage.

By contrast, the actual type of weapon involved in a charge under 18 U.S.C. § 924(c) for using or carrying a firearm in relation to a crime of violence could be considered an element of that offense. *See Castillo v. United States*, 530 U.S. 120, 131 (2000); *but see*, *e.g.*, *United States v. Sandoval*, 241 F.3d 549, 551-52 (7th Cir. 2001) (*Castillo* involved an earlier version of the applicable statute; § 924(c) weapons classifications are now merely sentencing factors.). Pursuant to § 924(c)'s statutory scheme, a defendant who uses or carries a firearm in relation to a crime of violence is subject to a sentence of not less than five years in prison, *see* 18 U.S.C. § 924(c)(1)(A)(i), or not less than 25 years in prison for a second or subsequent conviction. *See* 18 U.S.C. § 924(c)(1)(C)(i). If the firearm used is a short-barreled rifle or short-barreled shotgun, however, a first offender must be sentence to a prison term of "not less than 10 years." 18 U.S.C. § 924(c)(1)(B)(i). A second or subsequent conviction subjects the defendant to a prison term of not less than 25 years. *See* 18 U.S.C. § 924(c)(1)(C)(i). Should the defendant use or carry a machine gun or a destructive device, or equip the weapon with a silencer or muffler, a first conviction requires a prison term of at least 30 years, *see* 18

U.S.C. § 924(c)(1)(B)(ii), and a second or subsequent conviction mandates a sentence of life in prison. *See* 18 U.S.C. § 924(c)(1)(C)(ii).

The indictment in this case specifically charges in Count 5 that the defendant used and carried "a firearm, to-wit: a sawed-off shotgun." In Count 7, the indictment charges that Savoca used and carried "a firearm, to-wit: a sawed-off shotgun and a handgun." The defendant alleges on appeal, however, that the evidence adduced at trial did not establish that the weapons used during the particular robberies met the statutory definition of a "short-barreled shotgun" contained in 18 U.S.C. § 921(a)(6).

Ordinarily, in analyzing a challenge to the sufficiency of the evidence, we must determine whether, viewing that evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In doing so, moreover, we do not re-weigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993).

In this case, the government can point to no evidence in the record that would refute the defendant's allegation that the prosecution failed to establish Savoca's use of a sawed-off shotgun in two of the robberies mentioned in the indictment. Nevertheless, the record

is clear that the defendant used some sort of firearm in the perpetration of the robberies. Moreover, even though no expert witness test-fired the weapons, or even testified that the firearms were operational, sufficient testimony from other witnesses and pictorial evidence of the weapons recovered during the pursuit of Savoca's van established the reasonable inference that the guns carried and used by the bank robbers were real. Because all reasonable inferences drawn in favor of the prosecution indicate that the defendant did in fact use or carry a firearm in relation to a crime of violence, and because Savoca's sentence as a repeat offender was the same whether the weapon was only a generic firearm or was a sawed-off shotgun, there is no reversible error in this regard.

**D. Sentencing Issues**

Based in part upon the fact that Savoca had previously been convicted for armed bank robberies, the district judge sentenced the defendant to 927 months (or, in the alternative, 840 months) in prison. Timothy Perkins, one of Savoca's co-conspirators, entered into a plea agreement with the government, agreed to testify against Savoca, and received a prison term of only 97 months. The defendant now asserts that the difference between the two sentences was grossly disproportionate, unfairly penalized his right to a trial by jury, and effectively amounted to a life sentence for a 53-year-old individual like himself.

However, we have held that only those "extreme sentences that are grossly disproportionate to the crime are prohibited" by the Eighth Amendment's ban on cruel and

unusual punishment. *United States v. Flowal*, 163 F.3d 956, 963-64 (6th Cir. 1998) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 995-97 (1991)). In fact, in *United States v. Beverly*, 369 F.3d 516, 536 (6th Cir.), *cert. denied*, 125 S.Ct. 122 (2004), we upheld a sentence of 71 ½ years for a cooperating defendant with no prior criminal record who was convicted only of driving the getaway car in four bank robberies and providing false identification documents. Thus, in light of the facts that Savoca had an extensive prior record, including a prior weapons conviction, and was a major participant in a multi-state bank robbery operation involving the use of multiple firearms, the sentence imposed upon him is neither extreme nor disproportionate to the crimes involved. Moreover, "[t]he Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment." *Id.* at 537.

Nor do we find any basis for a constitutional challenge on the basis of disproportionality. As previously noted, the defendant had an extensive criminal record even before embarking on the crime spree that resulted in the present convictions, including three other convictions for armed bank robbery. By contrast, Perkins had no prior criminal record and agreed to cooperate with the government and spare the prosecution the time and expense of a trial. Such drastically different underlying circumstances justified the different sentences imposed upon Perkins and Savoca.

In a final appellate challenge, Savoca contends that the guideline sentence of 927 months imposed upon him by the district court violated his Sixth Amendment right to jury determination of all facts increasing his sentence. Specifically, he argues that the court enhanced his bank robbery and conspiracy sentences after finding, without jury intervention, that Savoca obstructed justice and qualified as a career offender.

In the aftermath of *Booker*, district courts are no longer to treat the sentencing guidelines as mandatory. Instead, those guidelines should – obviously – be treated only as "guidelines" to determining a reasonable sentence. In an order that presaged *Booker*, the district judge imposed an alternative sentence upon Savoca that was based upon statutory directives rather than guideline mandates. In doing so, the court noted that the defendant's two convictions for using or carrying a firearm in relation to a crime of violence mandated 25-year sentences that were to run consecutively to each other and to any other sentence imposed, accounting for 50 years of incarceration for those two offenses alone. *See* 18 U.S.C. § 924(c)(1)(D)(ii). Considering the defendant's past criminal history, the present conspiracy conviction, and the four new bank robbery convictions, the district judge imposed only an additional 20 years of incarceration. Because the 70-year alternative sentence imposed by the district court was reasonable under the circumstances presented in this case, we find no sentencing error that requires a remand for a new sentencing

hearing.  We remand this matter, however, to allow the district court to vacate the improper

927-month sentence and to order in its place the alternate 70-year sentence.

## **CONCLUSION**

For the reasons set out above, we AFFIRM the judgment of conviction against

Savoca in its entirety but REMAND to permit entry of a corrected sentencing order.