File Name: 06a0669n.06
Filed: September 5, 2006NOT RECOMMENDED FOR
FULL-TEXT PUBLICATION

No. 04-2080

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

                                   **On Appeal from the United States District Court**
       v.                               **for the Western District of Michigan**

JOHN LLOYD BRADLEY, JR.,

    Defendant-Appellant.

---

Before:      **KEITH** and **BATCHELDER**, Circuit Judges; **ALDRICH**, District Judge.[*]

---

    **ALDRICH, J.**  In this criminal appeal, John Lloyd Bradley, Jr. ("Bradley") seeks a remand for resentencing following his conviction for conspiracy to distribute narcotics. Because the district court imposed one sentence under a mandatory guideline regime, and an alternative sentence, which may not be presently enforceable, we hereby VACATE Bradley's sentence and REMAND the case to allow imposition of the alternative sentence.

## I. Background

    On February 10, 2004, Bradley was charged with a single count of conspiracy to distribute (and to possess with intent to distribute) more than 500 grams of cocaine, in violation of 21 U.S.C. § 841.

---

    [*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

(Bradley's co-defendant, Anthony Scott, has filed an appeal that is not currently before this panel.)

On May 17, 2004, Bradley entered a plea of guilty in the district court for the Western District of Michigan.

On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely v. Washington*, 542 U.S. 296 (2004), which held that a court violates a defendant's Sixth Amendment rights whenever it imposes a sentence that is not based solely on "facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303.

Sentencing was held for Bradley on August 20, 2004. Bradley was given a two-point downward departure for acceptance of responsibility, but denied a mitigating role adjustment. The court also rejected Bradley's claim that the presentence report over-represented his likelihood of recidivism, resulting in an inflated criminal history category. Based on Bradley's prior record and the quantity of drugs involved in the offense, the presentence report calculated a sentencing range of 92 to 115 months.

The court sentenced Bradley to the lowest amount of prison time within this range – 92 months – before indicating its intention to "place an alternate sentence on the record." Joint Appendix at 16. "If in fact the guidelines are ruled – the hard guidelines we follow are ruled to be unconstitutional and we are under a soft guideline rule, I'm going to give an alternate sentence of 60 months in this matter[.]" *Id.* at 83. Sixty months is the minimum sentence permissible under the applicable statute, 21 U.S.C. § 841 (b)(1)(B)(ii).

On January 12, 2005, the United States Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005), extending *Blakely*'s Sixth Amendment holding to the federal Sentencing Guidelines and rendering said Guidelines advisory, rather than mandatory. *See, e.g.*, *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005).

## II. Discussion

The government agrees with Bradley that remand for resentencing is appropriate in this case. However, the government hardly makes this concession out of unadulterated generosity. Because the district court's alternative sentence matches the statutory minimum, the government seeks remand in order to enable it to argue for an increased sentence.

The only issue for the panel to resolve, then, is whether such action must be taken, or whether the district court's alternative sentence may be imposed and enforced despite the arguments of both parties.

The Sixth Circuit explicitly instructed district courts to recommend alternative sentences during the interregnum between the *Blakely* and *Booker* decisions. In a 2004 *en banc* order, this court ordered "[i]n the interest of judicial economy, and pending a definitive ruling by the Supreme Court . . . that the district courts within this circuit" continue sentencing in accordance with the Sentencing Guidelines, but "also announce at the time of sentencing a sentence pursuant to 18 U.S.C. § 3553(a), treating the Guidelines as advisory only." *United States v. Koch*, 2004 U.S. App. LEXIS 17640, at *2 (6th Cir. Aug. 13, 2004), *formal opinion following at* 383 F.3d 436 (en banc), *vacated by* 544 U.S. 995 (2005). The district court obeyed this directive in sentencing Bradley.

Meanwhile, this court has issued a mixed bag of responses to appeals of sentences imposed pre-*Booker* and post-*Koch*. Sentences imposed under the (mistaken) impression that the Guidelines were still mandatory have been universally reversed. *See United States v. Christopher*, 415 F.3d 590, 593 (6th Cir. 2005)(citing *United States v. Barnett*, 398 F.3d 516, 527-28 (6th Cir. 2005); *United States v. Trammel*, 404 F.3d 397, 401 (6th Cir. 2005); *United States v. Webb*, 403 F.3d 373, 382 (6th Cir. 2005)). Likewise, this court has vacated and remanded for resentencing when a district court imposes an alternative sentence, meant to become self-enforcing in the event that the Supreme Court held the Guidelines to be

"completely unconstitutional," rather than merely advisory. *See Christopher*, 415 F.3d at 593 (quoting *United States v. Thompson*, 403 F.3d 533, 535 (8th Cir. 2005)).

By contrast, the court has upheld, without remanding, the issuance of "alternative" sentences that are identical to the primary (Guideline) sentence. *See United States v. Chandler*, 419 F.3d 484 (6th Cir. 2005); *United States v. Cox*, 159 Fed. App'x. 654 (6th Cir. 2005); *United States v. Bailey*, 152 Fed. App'x. 482 (6th Cir. Oct. 24, 2005)(unpublished). The rationale in such cases is that an identical alternative sentence "leaves no room for meaningful doubt in this case as to what the result of a post-*Booker* resentencing would be." *Cox*, 159 Fed. App'x. at 659. Yet the imposition of identical sentences post-*Koch* also handily avoids the issue of a procedural mechanism for self-enforcement of an alternative sentence[1].

Without directly reaching the issue of enforcement, various Circuit panels have hinted that alternative sentences imposed post-*Koch* might be upheld following review for "reasonableness" – the standard now applied to sentences post-*Booker*. *See Christopher*, 415 F.3d at 594. Sentences imposed pursuant to the guidelines are now granted a rebuttable presumption of reasonableness, and sentencing judges are required to "offer some measure of reasoning when imposing sentences under the advisory-only Guidelines" to effectuate reasonableness review. *United States v. Till*, 434 F.3d 880, 887 (6th Cir. 2006). In *Till*, Chief Judge Boggs's panel opinion also rejected prior hints that the Circuit would require each sentencing judge to specifically cite and rely on the factors set forth in 18 U.S.C. §3553(a). "We write to clarify that we require no such explicit reference." *Id.*

---

[1] As the government observes in a footnote to its brief, "[w]hile it is clear that the [district court] intended the alternative sentence to be self-enforcing . . . there is no applicable procedural rule for such a situation." Appellee's Brief at 19, n.1. In cases involving equivalent alternative sentences, an appellate panel might affirm without remanding, on the grounds that the original sentence was erroneous, but that any post-*Booker* error was clearly harmless.

The opinion in *United States v. Beck*, 457 Fed. App'x. 784 (6th Cir. Sept. 1, 2005)(unpublished) typifies the confusion created by this approach: "We have held . . . [that when a] district court [has] not only imposed a Guidelines sentence but, treating the Guidelines as advisory, imposed as well an alternative sentence . . . that the alternative sentence . . . need not be remanded on account of *Booker*, but must be reviewed for reasonableness." *Id*. at *8. In support of this assertion, the *Beck* panel cites only *Chandler*, *supra* – a case involving the aforementioned, and less problematic, identical alternative sentences.

In light of the unique posture of this case, we therefore adopt the wise approach propounded by *United States v. Savoca*, 166 Fed. App'x. 183 (6th Cir. Jan. 18, 2006)(unpublished). In *Savoca*, the court conducted a post-*Booker* reasonableness review of an alternative sentence imposed post-*Koch*. Having agreed that the alternative sentence was reasonable, the panel ordered as follows:

> Because the 70-year alternative sentence imposed by the district court was reasonable under the circumstances presented in this case, we find no sentencing error that requires a remand for a new sentencing hearing. We remand this matter, however, to allow the district court to vacate the improper 927-month sentence and to order in its place the alternate 70-year sentence.

*Id*. at 190. This approach affords the parties the relief they agree is appropriate, without attempting to definitely resolve the issues raised by (a small and ever-dwindling number of) post-*Koch* alternative sentences.

Reviewing the drug quantity and criminal history information properly before the district court at the time of sentencing, it is clear that 60 months, the statutory minimum sentence, possesses sufficient indicia of reasonableness. Procedurally, the district court explained the basis for the alternative sentence, considering Bradley's honesty and cooperation with the prosecution, the non-violent nature of his crime,

his minor role in the conspiracy, his son, and his compelling letter to the court. J.A. 76-84. Substantivel, a 32-month downward departure was not an abuse of the sentencing judge's discretion.

Accordingly, we find no sentencing error that requires a remand for a new sentencing hearing. We remand this matter, but only to allow the district court to vacate the 92-month sentence and to order in its place the alternate 60-month sentence.

### III. Conclusion

For the foregoing reasons, Bradley's sentence is VACATED and the matter REMANDED to the district court for resentencing in accordance with this opinion.

Alice M. Batchelder, Circuit Judge.  Concurs in the result only.