RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0200p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

THOMAS J. SAVOCA,

　　　　　　*Petitioner-Appellant,*

　　　*v.*

UNITED STATES OF AMERICA,

　　　　　　*Respondent-Appellee.*

No. 08-3748

─────────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-01747—John R. Adams, District Judge.

Decided and Filed: June 4, 2009

Before: MERRITT, MARTIN, and SUHRHEINRICH, Circuit Judges.

─────────────────

**OPINION**

─────────────────

BOYCE F. MARTIN, JR., Circuit Judge. Thomas J. Savoca, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Savoca applies to this Court for a certificate of appealability. *See* Fed. R. App. P. 22(b).

Savoca was convicted by a jury of conspiracy to commit bank robbery, four counts of bank robbery, and two counts of using a firearm in relation to a bank robbery. Prior to *United States v. Booker*, 543 U.S. 220 (2005), the federal district court imposed a sentence of 77 years and 3 months, but anticipating the possibility that the federal sentencing guidelines might later be declared unconstitutional, the district judge also imposed an alternative sentence of 70 years. On appeal, a panel of this Court affirmed Savoca's conviction and remanded the case solely for the purpose of vacating the 77 year 3 month sentence and imposing the 70-year sentence. *United States v. Savoca*, 166 F. App'x 183 (6th Cir. 2006).

In his motion to vacate sentence, Savoca claimed that: 1) the government denied him due process when an FBI special agent tampered with and manufactured evidence; 2) agents of the government committed perjury; 3) the government conducted an unfair photographic lineup; 4) defense counsel was ineffective; 5) the district court failed to conduct a *Franks* hearing with respect to evidence tampered with by the police; 6) defense counsel rendered ineffective assistance by failing to request expert witnesses and failing to move to suppress all pretrial evidence; 7) the district court improperly denied his request for a special hearing to proceed with criminal charges against the persons he alleges committed crimes; 8) defense counsel was ineffective with respect to the evidence which was tainted by refabrication and tampering; and 9) he was denied the effective assistance of counsel during a critical stage of the proceeding at the photographic lineup.

The district court carefully reviewed and denied Savoca's motion to vacate sentence and found no grounds upon which to grant Savoca a certificate of appealability. The district court also denied Savoca's motion to reconsider.

A single judge of this Court denied the motion as well. The motion has now been referred to this panel of three judges, two of whom are senior judges on which the original deciding judge does not sit, for a determination on the merits of the petition for rehearing. We conclude that the original judge did not misapprehend or overlook any point of law or fact when she issued her order. Accordingly, we decline to rehear this matter. Fed. R. App. P. 40(a). *See Bell v. Jones*, 561 F. 3d 655 (6th Cir. 2009).

We thus deny Savoca a certificate of appealability because he has not made a substantial showing of the denial of a federal constitutional right for the reasons set forth in the district court's comprehensive and well-reasoned order and decision of March 31, 2009. *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). The petitioner has not satisfied the required showing by demonstrating that reasonable judges could disagree with the district court's resolution of his constitutional claims nor could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The motion for a certificate of appealability is denied.