**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven RAY, Defendant–Appellant.**

**No. 00–3987.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

### ORDER

Steven Ray, a federal prisoner, appeals his sentence entered upon his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The parties have affirmatively waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 1998, Ray was arrested for possession of a firearm by a convicted felon ("February 1998 offense"). The district court released Ray on bond pending sentencing in that case. Upon his release, Ray acknowledged that he understood that he could face an additional penalty for committing an offense while released. In August 1998, law enforcement officers arrested Ray for violating the conditions of his release. When they arrested him, Ray was lying in bed and reaching under his pillow where a 9mm pistol was hidden. The district court revoked Ray's bond, and Ray has been serving his sentence for the February 1998 offense since that time.

In March 2000, Ray pleaded guilty to the instant offense ("August 1998 offense") pursuant to a written plea agreement. The district court enhanced Ray's sentence pursuant to 18 U.S.C. § 3147 and USSG § 2J1.7 for commission of an offense while on release and sentenced Ray to thirty-two months of imprisonment and two years of supervised release.

In his timely appeal, Ray contends that: 1) the district court erred in applying the § 2J1.7 enhancement; and 2) the application of the enhancement constitutes impermissible double counting.

This court reviews the application of the United States Sentencing Guidelines de novo. *United States v. Hicks,* 4 F.3d 1358, 1361 (6th Cir.1993); *United States v. Sanchez,* 928 F.2d 1450, 1458 (6th Cir.1991). Findings of fact concerning sentencing are reviewed for clear error. *United States v. Hamilton,* 929 F.2d 1126, 1130 (6th Cir. 1991).

Upon review, we conclude that the district court properly applied the § 2J1.7 enhancement. Ray contends that the district court improperly enhanced his sentence because he was not informed of the

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

possibility of the enhancement when he pleaded guilty. In essence, Ray argues that prior to his guilty plea, the district court was required by USSG § 2J1.7, comment. (background), to notify him that the enhancement would be imposed. An enhancement under 18 U.S.C. § 3147 may be imposed only after sufficient notice to the defendant by the government or the court. *United States v. Lewis*, 991 F.2d 322, 323 (6th Cir.1993). Nonetheless, a defendant who signs bond papers which contain the language of 18 U.S.C. § 3147 is not required to be given additional, more specific notice either at release or prior to his sentencing before the § 2J1.7 enhancement can be applied. *Id.* at 323–24.

■ Ray concedes that he signed bond papers containing the language of § 3147 when he was released on bond from his February 1998 offense. Thus, Ray received sufficient notice to justify the application of the enhancement to his August 1998 offense.

■ The application of the enhancement does not constitute impermissible double counting. Ray contends that he was denied an adjustment for acceptance of responsibility for his February 1998 offense because of the offense he committed in August 1998 while on release. Therefore, Ray argues that enhancing his sentence for the offense he committed while on release constitutes impermissible double counting. Double counting occurs when identical conduct is described in two different ways so that two different adjustments apply in the same case. *See United States v. Dobish*, 102 F.3d 760, 762 (6th Cir.1996). Ray conflates two distinct cases. Using the same conduct in determining the sentences in two distinct cases does not constitute double counting. *See id.* Thus, the rules against double counting do not apply to this case.

Even if the rules against double counting apply to this case, nothing in the rec-

ord supports Ray's claim that the identical conduct is being described in two different ways so that two different adjustments apply. Ray asserts that the district court considering his February 1998 offense denied him an acceptance of responsibility reduction based solely on his commission of the immediate offense. However, Ray failed to appear at sentencing as ordered and was a fugitive in that case. Thus, Ray's failure to appear for sentencing justifies denying him an acceptance of responsibility reduction. *See United States v. Crousore*, 1 F.3d 382, 386 (6th Cir.1993). Identical conduct is not being described in two different ways so that two different adjustments apply to the February 1998 and August 1998 offenses.

Accordingly, we hereby affirm the district court's judgment.