*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0317p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 04-3946

LARRY P. CHRISTOPHER,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-00558—Paul R. Matia, District Judge.

Argued: July 19, 2005

Decided and Filed: July 28, 2005

Before: ROGERS and SUTTON, Circuit Judges; FORESTER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Michael J. O'Shea, GOLDBERG & O'SHEA CO., Cleveland, Ohio, for Appellant. James C. Lynch, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Michael J. O'Shea, GOLDBERG & O'SHEA CO., Cleveland, Ohio, for Appellant. James C. Lynch, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

## OPINION

---

ROGERS, Circuit Judge. Defendant-Appellant Larry P. Christopher appeals his sentence, arguing that the sentence offends the Sixth Amendment because the district court found facts mandating an increase in Christopher's offense level under the United States Sentencing Guidelines. Christopher was convicted of mail fraud. The district court issued two alternative sentences: one in the event that the Guidelines remained binding in the aftermath of *Blakely v. Washington*, 542 U.S. 296 (2004), and the other in the event that the Guidelines were invalidated. The district court's two sentences were identical. Any error in Christopher's sentencing was harmless, because the district court adequately conveyed that it would impose the same sentence in the absence of mandatory sentencing enhancements. Therefore, we affirm Christopher's sentence.

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

On December 12, 2001, Christopher was indicted in the United States District Court for the Northern District of Ohio with four counts of mail fraud, 18 U.S.C. § 1341. The indictment charged that Christopher ran a computer equipment business in which he operated as a middle man, leasing equipment from companies and re-leasing the same equipment to others. Beginning in 1995 or 1996, Christopher began to sell the equipment he had leased. He defrauded the companies from which he had leased the equipment, by providing false information about the location of the equipment. He defrauded the companies to which he sold the equipment by failing to disclose that he was not the true owner of the equipment. The indictment charged that Christopher had caused approximately $1.5 million in loss through this scheme. On May 3, 2002, a jury found Christopher guilty on all four counts.

At Christopher's original sentencing, the district court adopted a Presentence Investigative Report ("PSR"), which had attributed to Christopher a total offense level of 20. The court sentenced Christopher to 33 months' imprisonment and a three-year period of supervised release. It also ordered him to pay $1,573,062.50 in restitution. On appeal, this court reversed Christopher's sentence, finding that the district court had not made adequately specific findings concerning the amount of loss that Christopher's fraud caused. *United States v. Christopher*, No. 02-4004, 91 F. App'x 471, 477 (6th Cir. Mar. 4, 2004).

On resentencing, the probation officer created a revised PSR recommending a custody range of 30-37 months, based on a total offense level of 19. The base offense level for mail fraud is 6. The report recommended an enhancement of 11 points based on amount of loss (USSG § 2F1.1(b)(1)) and an enhancement of 2 points because multiple victims were involved (USSG § 2F1.1(b)(2)(B)). The PSR recommended that the amount of loss resulting from Christopher's fraud totaled $1,294,566.00. Christopher, in his sentencing brief, objected to the PSR's findings on amount of loss, arguing that "the jury in this case never made a loss determination, as required by the Sixth Amendment of the Constitution." Christopher argued that *Blakely* mandated that the amount of loss be submitted to the jury.

At Christopher's second sentencing, the district court adopted the PSR's recommendations as to offense level and amount of loss. The district court stated:

> Obviously, the sentencing mess that has been created by the Supreme Court makes it very difficult to know exactly what to do in this case,[1] but in order to cover possible eventualities, I will issue two sentencings, one under the guidelines and one under the statute, and I am sure the Supreme Court can figure it out it should have been a third way.

Under the Guidelines, the district court imposed a custodial sentence of 30 months, the bottom of the applicable range for Christopher's offense level. It ordered three years of supervised release. The district court adopted the PSR's recommendation that Christopher's fraud caused $1,294,566.00 in loss, and the court ordered him to pay this amount in restitution. The district court imposed a "statutory sentence" identical to the one issued under the Guidelines, "in the event an appellate court finds that the Sentencing Guidelines should not be applicable."

On appeal, Christopher argues that his sentence violated the Sixth Amendment, because the judge found facts supporting Guidelines sentencing enhancements in his case. This argument did not accurately anticipate the Supreme Court's reasoning in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005). The Court there held that the Sixth Amendment requires that facts "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty

---

[1]Sentencing occurred on July 20, 2004, less than one month after *Blakely* was decided.

or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. As a remedy, however, the Court, rather than requiring that all facts supporting enhancements be proved to the jury, instead severed 18 U.S.C. § 3553(b), thereby rendering most Guidelines enhancements advisory. *Id.* at 756-757. After *Booker*, we have repeatedly held that a sentence imposed on the basis of the mandatory nature of the Sentencing Guidelines is erroneous. *United States v. Barnett*, 398 F.3d 516, 527-528 (6th Cir. 2005); *United States v. Trammel*, 404 F.3d 397, 401 (6th Cir. 2005); *United States v. Webb*, 403 F.3d 373, 382 (6th Cir. 2005).

In this case the district court erred in each of its alternative holdings regarding the Sentencing Guidelines. Although the district court providently gave alternative sentences, the court did not predict the resolution the Supreme Court reached. The district court issued one sentence under the mandatory Guidelines. It provided an alternative sentence in the event that the Guidelines were "not . . . applicable," not in the event that the Guidelines were advisory. Therefore, the district court "erred in sentencing [Christopher] under the view that the Guidelines were mandatory, and erred in sentencing [Christopher] under the view that the Guidelines were completely unconstitutional." *United States v. Thompson*, 403 F.3d 533, 535 (8th Cir. 2005). The district court aptly noted, when issuing the alternative sentences, "I am sure the Supreme Court can figure out it should have been a third way." Because Christopher raised objections to his sentencing based on *Blakely* below, this court reviews his sentencing for harmless error. *See Booker*, 125 S. Ct. at 769; *United States v. Hazelwood*, 398 F.3d 792, 801-2 (6th Cir. 2005).

Any sentencing error in this case was harmless, because of the way in which the district court imposed alternative sentences. In a well-reasoned but unpublished opinion, this court has concluded that when a district court imposes alternative, identical sentences, one under a regime in which Guidelines enhancements are not mandatory, the harmlessness of any *Booker* error is established. *United States v. Strbac*, No. 04-4158, 129 F. App'x 235, 237 (6th Cir. Apr. 25, 2005). In taking this view, this court has joined several other circuits. *See United States v. Antonakopoulos*, 399 F.3d 68, 81 (1st Cir. 2005) (dictum); *United States v. Hill*, 411 F.3d 425 (3d Cir. 2005); *United States v. Anderson*, No. 04-4621, 2005 WL 735587, *1 (4th Cir. Mar. 31, 2005); *United States v. Paladino*, 401 F.3d 471, 482 (7th Cir. 2005) (dictum); *United States v. Thompson*, 403 F.3d 533, 535 (8th Cir. 2005); *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1223 (10th Cir. 2005). The district court's alternative sentence makes clear that either in the absence of the Guidelines or in an advisory Guidelines system, the district court would have imposed on Christopher the same sentence as the mandatory Guidelines required. Indeed, the district court would have *more* discretion to depart downward in the absence of the Guidelines than it would in the context of an advisory Guidelines system; the refusal to give a lower sentence in the one precludes any fair inference that it would give a lower sentence in the other. As the Tenth Circuit noted, where the district court makes clear that its sentence would remain the same even without mandatory quidelines, "we do not need to read any tea leaves to determine what the district court would do on remand." *Serrano-Dominguez*, 406 F.3d at 1223.

Since further resentencing is not required, we review Christopher's sentence for reasonableness under *Booker*. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). A sentence may be unreasonable "when the district judge fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Webb*, 403 F.3d at 383. Here, the district court sentenced Christopher at the bottom of the Guidelines range. The district court did not explicitly consider the factors listed in § 3553(a), such as the nature and circumstances of the offense and the history and characteristics of the defendant. However, since this was a resentencing, and the case was remanded to the district court solely in order to provide more detailed findings concerning the amount of loss Christopher's crimes caused, this omission is understandable. Nor has Christopher offered any explanation on appeal as to what

factors listed in § 3553(a) the district court should have considered, or how these factors would have made a difference in the sentence he received.  Christopher's sentence is affirmed as reasonable.