NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0867n.06
Filed: October 24, 2005

No. 04-6181

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **RONALD MARTIN BAILEY**, | ) | **M E M O R A N D U M** |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |

**BEFORE:**     **DAUGHTREY, MOORE and McKEAGUE, Circuit Judges.**

**PER CURIAM.**  Appellant Ronald Martin Bailey was sentenced to a prison term of 35 months and a three-year period of supervised release after pleading guilty to the charge of conspiracy to manufacture methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  On appeal, he contends the district court erred in two ways:  by enhancing his sentence based on facts not admitted by him and not proved to a jury beyond a reasonable doubt, and by applying the United States Sentencing Guidelines as mandatory, contrary to the Supreme Court's ruling in *United States v. Booker*, 125 S.Ct. 738 (2005).  Finding that the district court appropriately imposed an alternative sentence identical to the Guidelines sentence, we conclude that any *Booker* violation was harmless error;  and finding that the alternative sentence is reasonable, we affirm the judgment of sentence.

**I**

In a four-count indictment, defendant Bailey was charged with conspiracy to manufacture methamphetamine, attempting to manufacture methamphetamine, possession of chemicals for use in manufacturing methamphetamine, and being a felon in possession of a firearm. Pursuant to a plea agreement with the government, defendant pleaded guilty to the first count in exchange for dismissal of the remaining counts. He expressly understood and agreed that the court could impose any lawful term of imprisonment up to the statutory maximum penalty. The plea agreement did not include any stipulation as to drug quantity or firearm possession.

Sentencing occurred on October 13, 2004. Applying the Sentencing Guidelines, the presentence report proposed a sentencing range of 30 to 37 months' imprisonment. This range was based on a criminal history category of I and a total offense level of 19. In arriving at this adjusted offense level of 19, the presentence investigator used the drug quantity of 5.64 grams of pseudoephedrine (an ingredient of methamphetamine production) found in defendant's camper at the time of his arrest, yielding an offense level of 20. U.S.S.G. § 2D1.1(c)(10). The offense level was further adjusted upward two points to 22 based on defendant's possession of firearms in connection with the conspiracy. U.S.S.G. § 2D1.1(b)(1). This adjustment was based (1) on the discovery of three firearms at the time of defendant's arrest, two in his camper and one in the yard where the camper was parked; and (2) the investigative assessment that defendant had been trading methamphetamine for firearms. The offense level was then adjusted downward three points to 19 based on defendant's acceptance of responsibility. U.S.S.G. § 3E1.1(a) and (b).

Citing *Blakely v. Washington*, 542 U.S. 296 (2004), defendant objected to the proposed

offense level enhancements based on drug quantity and firearm possession. The district court

overruled the objections, holding, on the strength of *United States v. Koch*, 383 F.3d 436 (6th Cir.

2004) (en banc), that *Blakely* had no application to the federal Sentencing Guidelines. The district

court went on to sentence defendant to 35 months in prison, a sentence within the Guidelines range

and long enough, the court observed, to ensure defendant would have the opportunity to participate

in the substance abuse treatment program offered by the Bureau of Prisons. Further, anticipating

that the reasoning of *Blakely* could ultimately be applied by the Supreme Court to invalidate the

Sentencing Guidelines in some manner, the district court imposed an alternative sentence, stating

"that if the Court were to exercise its discretion in sentencing the defendant anywhere within the

statutory range, the Court would set his sentence at the exact same amount that I've just sentenced,

the 35 months." J.A. 43. On appeal, defendant renews his *Blakely* challenge, as fortified by the

Supreme Court's ruling in *Booker*.

## II

In *Booker*, the Supreme Court overruled *Koch* and ruled that the Sixth Amendment requires

that facts "necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury

beyond a reasonable doubt." 125 S.Ct. at 756. Rather than invalidating the Sentencing Guidelines

altogether, however, *Booker* merely severed 18 U.S.C. § 3553(b), rendering most Guidelines

enhancements advisory. *Id.* at 756-57; *United States v. Christopher*, 415 F.3d 590, 593 (6th Cir.

2005). To the extent, therefore, that the district court applied such enhancements and imposed

sentence under the view that the Guidelines were mandatory, it erred. *Christopher*, 415 F.3d at 593.

Yet, "when a district court imposes alternative, identical sentences, one under a regime in which Guidelines enhancements are not mandatory, the harmlessness of any *Booker* error is established." *Id.* Here, as in *Christopher*, the district court's alternative sentence makes it clear that if the court's discretion were not restricted by the Guidelines, it would impose the same 35-month prison sentence. Under these circumstances, remand for resentencing without mandatory Guidelines is unnecessary. *Id*. at 594. Instead, we review defendant's sentence only for "reasonableness" under *Booker*. *Id.*

Our review for reasonableness is not confined to the length of the sentence imposed. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). A sentence may be held to be "unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id*.

Here, the district court, in imposing the alternative sentence, clearly considered the applicable Guidelines range. Moreover, the district court appears to have properly applied the Guidelines in arriving at the appropriate range. While defendant has challenged the district court's authority to make fact-findings per *Booker*, he has not challenged the correctness of the findings made. That is, defendant did not dispute the factual bases for either the drug quantity enhancement or the firearm possession enhancement at sentencing, nor has he done so on appeal.[1]

---

[1]Regarding firearm possession, defendant's counsel denied, at sentencing, that any firearm found at the scene of arrest belonged to defendant, but he acknowledged that the circumstances

We are also satisfied that the district court adequately considered the § 3553(a) sentencing factors. The court did not explicitly consider each and every one of the seven factors, but there is no requirement that a sentencing court engage in a "ritualistic incantation" of the § 3553(a) factors. *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005). The district judge's remarks at sentencing indicate that he considered the history and characteristics of the defendant, § 3553(a)(1); the seriousness of the offense and the need for the sentence to reflect the seriousness of the offense, § 3553(a)(1) and (a)(2)(A); the need for medical care or other correctional treatment (*i.e.*, substance abuse treatment), § 3553(a)(2)(D); as well as the sentencing range prescribed by the Sentencing Guidelines, § 3553(a)(4). Defendant has not identified any factors the district court should have considered that would have made a difference in the sentence imposed.

Concluding that the district court appropriately considered the Guidelines range and other sentencing factors in imposing the alternative sentence, and considering that the sentence imposed is well below the statutory maximum penalty, we hold that the alternative sentence is reasonable.[2]

surrounding the firearm's discovery justified the two-level enhancement.

[2]There may be a question regarding the statutory maximum penalty, but it is ultimately of little consequence.

According to the presentence report relied on by the district court, if defendant were found to have been previously convicted of a felony drug offense, and the current offense were found to have involved 5.64 grams of pseudoephedrine (*i.e.*, the methamphetamine equivalent of 56.4 kilograms of marijuana), the statutory maximum would be 30 years' imprisonment. 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Yet, the status of any prior conviction appears to have been left undetermined.

The government had given notice of its intent to seek enhancement of defendant's sentence based on his 1983 conviction for sale of marijuana in Mississippi. Defendant filed a written objection to any enhancement based on this prior conviction, arguing that it had been expunged by order of the Lowndes County Circuit Court in Mississippi in 1988. The presentence investigator did not address the objection in his addendum to the presentence report. At sentencing, the government

**III**

Accordingly, the court having determined that the district court's *Booker* error was harmless

and that the sentence imposed is reasonable, the judgment of the district court is hereby

**AFFIRMED.**

_____

did not argue for enhancement based on the prior conviction, and defendant did not expressly renew his objection. Hence, the district court made no finding regarding a prior felony drug conviction.

In the absence of a prior felony drug conviction, and assuming a drug quantity of 5.64 grams of pseudoephedrine, the statutory maximum would be 20 years' imprisonment. *Id*. In the absence of a prior conviction and assuming a drug quantity of less than 5 grams of pseudoephedrine (even though defendant did not challenge the correctness of the district court's drug quantity finding), the statutory maximum would be 5 years' imprisonment. 21 U.S.C. § 841(b)(1)(D).

Thus, in any case, it is plain to see that defendant's sentence of 35 months is well below the statutory maximum penalty, whether deemed to be 20 years or 5 years.