NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0163n.06
Filed: March 2,2006

No. 04-2284

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| ROBERT EUGENE TISER, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |

**BEFORE:** **RYAN, and COLE, Circuit Judges; and SARGUS, District Judge.**[*]

**R. GUY COLE, JR., Circuit Judge.** Defendant Robert Eugene Tiser pleaded guilty to one count of possessing an unregistered silencer, in violation of 26 U.S.C. § 5861(d). Under the then-mandatory Sentencing Guidelines, Tiser was sentenced to twenty-one months imprisonment, followed by a three-year term of supervised release. He was also ordered to pay a fine equal to the costs of incarceration and supervision. Tiser appeals both the period of incarceration and his fine.

**I.**

On August 19, 2003, investigators from the Cass County Sheriff's Department received a warrant to search Robert Eugene Tiser's property, after discovering an unlicensed auto-body repair business operating out of his garage. After speaking with Tiser, investigators noticed a "cylinder-

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

type" object on his desk. Tiser eventually admitted that the item was a silencer that he had manufactured. Tiser gave investigators permission to search the rest of his home, where they found 18 firearms in the basement and master bedroom. Two of the firearms were determined to have been stolen. Tiser was indicted for knowingly possessing an unregistered silencer. He pleaded guilty to one count of possessing the silencer, in violation of 26 U.S.C. § 5861(d). In the plea agreement, Tiser did not admit guilt to any facts other than the possession of the silencer. At a hearing before Magistrate Judge Carmody, Tiser's attorney objected to the recommended Guideline sentencing range based on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

The sentencing hearing took place on October 6, 2004. At the hearing, the court calculated Tiser's base offense level for possessing an unregistered silencer in violation of § 5861(d) at 18. U.S.S.G. § 2k2.1(a)(5). Although the presentence report recommended a four-point increase for possession of two stolen firearms, the court rejected the increase because the Government could not establish that Tiser knew the guns were stolen. Tiser's offense level was reduced two points for acceptance of responsibility and one point for entering a plea in a timely manner, and was thus determined to be 15. Given his total offense level, and that he fell into Criminal History Category I, Tiser's Guideline imprisonment range fell between 18 to 24 months, and his fine range was between $4,000 and $40,000.

After denying Tiser's motion for a downward departure, the district court sentenced Tiser to twenty-one months imprisonment. Additionally, he was ordered to pay a special assessment of $100 and the "cost of incarceration." Neither party objected to the fine. The district court also imposed an alternative sentence of 21 months in the event the Guidelines were later determined to

be advisory. The judgment of conviction, dated October 7, 2004, orders Tiser to pay a $100 assessment, $1,931.97 per month during the period of incarceration, $1,590.66 per month while in a community- sanction center or community residence, and $292.21 per month while on supervised release.

**II.**

*A.  Sentence*

The district court imposed a sentence of 21 months, under the Sentencing Guidelines. The district court also imposed the alternative sentence in accordance with the holding in *United States v. Koch*, 383 F.3d 436 (6th Cir. *en banc*. 2004). At the time of sentencing, the district court did not have the benefit of the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005). Because the district court did explain the basis upon which the alternative sentence rests, we vacate the term of imprisonment, and remand to the district court for further proceedings.

*B.  Fine*

The district court stated that, based on Tiser's offense level and criminal history, the fine range was between $4,000 and $40,000. At the sentencing hearing, the district court announced the following fine: "The fine will be the cost of incarceration, which he can pay, but no further fine because, quite frankly, I would like him to have assets so he can start his business again once he's released. Restitution is not an issue. A special assessment of $100." Although the court did not clarify what the cost of incarceration would be, it clearly stated that Tiser's sentence was within the applicable Guideline range. Neither party objected to the fine during the sentencing hearing.

The judgment of conviction, entered the day after the sentencing hearing, provides that Tiser must pay a $100 assessment, $1,931.97 per month during the period of incarceration, $1,590.66 per month while in a community-sanction center or community residence, and $292.21 per month while on supervised release. Tiser argues that should he serve his entire twenty-one month sentence in prison, he will owe $40,571.37 for the cost of incarceration, and an additional $10,519.56 for the cost of supervision. Even if Tiser served his entire sentence in a community-sanction center or residence, he would owe $33,403.86 for the cost of incarceration, which combined with the cost of supervision would exceed the $40,000 maximum articulated under the Guidelines.

Tiser argues that he did not have any notice that the district court would impose a fine above the applicable Guideline range. Despite the Government's arguments to the contrary, Tiser did not waive his right to appeal the imposition of the fine because he failed to object at the trial court level. *See United States v. Tosca*, 18 F.3d 1352, 1355 (6th Cir. 1994). Based on the district court's statements at sentencing, it was not clear that the amount of the fine could exceed the applicable Guideline range. Because Tiser could not object that the fine would exceed the applicable Guideline range at the sentencing hearing, he has not waived the right to appeal the fine. *United States v. Hickey*, 917 F.2d 901, 906 (6th Cir. 1990).

The fine imposed by the district court was outside the Guideline range. U.S.S.G. § 5E1.2(c)(3). Because the district court did not provide notice that it was contemplating a fine that fell outside that range, it ran afoul of Fed. R. Crim. P. 32. *Burns v. United States*, 501 U.S. 129, 137 (1991). Additionally, Tiser was not placed on notice that the Government would seek an upward departure. *Compare United States v. Callan*, 22 F. App'x 434, 451 (6th Cir. 2001) (defendant had

notice that the government would seek an upward departure); *United States v. Ray*, 20 F. App'x 340 (6th Cir. 2001) (same).

We review a violation of Rule 32 for harmless error. *United States v. Carter*, 374 F.3d 399, 408 (6th Cir. 2004), *vacated on other grounds*, 125 S. Ct. 1056; *United States v. Darwich*, 337 F.3d 645, 666 (6th Cir. 2003); *United States v. Parrott*, 148 F.3d 629, 633-34 (6th Cir. 1998). Remand is required unless this Court is certain that the district court's error was harmless, i.e., "any such error did not affect the district court's selection of the sentence imposed." *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)) (internal citations omitted). The record reflects that the district court believed it was imposing a sentence within the Guideline limits – i.e., a fine between $4,000 and $40,000,-- stating"I would like to have him have assets so he can start his business again once he's released." Given these statements, it appears that the district court intended to impose a fine within the recommended range, but ultimately did not do so. Therefore this Court cannot conclude that the district court's error was harmless and we vacate the fine and remand for resentencing.

## III.

For the foregoing reasons, we VACATE the sentence and fine, and REMAND to the district court for proceedings consistent with this opinion.

RYAN, Circuit Judge, concurring.　　　　I concur in the court's judgment vacating the sentence originally imposed and remanding for a new sentence.　I write separately only to emphasize that this court has upheld alternative sentences given before United States v. Booker, 543 U.S. 220 (2005).　See United States v. Chandler, 419 F.3d 484, 486 n.1 (6th Cir. 2005), and United States v. Christopher, 415 F.3d 590, 593 (6th Cir. 2005).