NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0367n.06
Filed: May 24, 2006

No. 05-5961

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **THOMAS JERRY SPEIGHT**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    SUTTON, and McKEAGUE, Circuit Judges; and CALDWELL[*], District Judge

**McKEAGUE, Circuit Judge**. Defendant, Thomas Jerry Speight appeals his sentence of 175

months imposed by the district court after he pleaded guilty to being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g).

Defendant raises two claims of error on appeal. Speight claims that the district court erred

when it sentenced him as an Armed Career Criminal; and he claims that the district court failed to

impose a "reasonable" sentence, as required under *United States v. Booker*, 125 S.Ct. 738 (2005).

For the following reasons, the district court is affirmed.

### I. FACTUAL AND PROCEDURAL HISTORY

---

[*]The Honorable Karen. K. Caldwell, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

While an escaped fugitive from the Kentucky Department of Corrections, Speight was taken into custody by police in Martin, Tennessee. At the time police encountered Speight, he was in possession of a .22 caliber revolver with obliterated serial numbers. On September 23, 2004, a federal grand jury in the Western District of Tennessee returned an indictment charging him with a violation of 18 U.S.C. § 922(g), felon in possession of a firearm. After defendant pleaded guilty to this count of the indictment, a presentence investigation report ("PSR") was prepared.

The PSR set defendant's base offense level at 24, pursuant to U.S.S.G. § 2K2.1(a)(2), based on his past criminal history. The defendant received a two-level enhancement pursuant to § 2K2.1(b)(4), because the serial number on the firearm was obliterated; and a four-level enhancement under § 2K2.1(b)(5), because he possessed the firearm in connection with his felony escape. His adjusted offense level was 30.

However, because Speight was convicted of a violation of 18 U.S.C. § 922(g), and had a history of at least three violent felonies, he qualified as an Armed Career Criminal under U.S.S.G. § 4B1.4(b)(3)(A). His criminal offense level under the ACCA was 34. Speight received a three-point reduction for acceptance of responsibility, reducing his total to 31. The PSR calculated Sleight's criminal history within category VI, and the guideline imprisonment range at 188-235 months.

The sentencing hearing was held on June 8, 2005. During the hearing, Speight objected to the Armed Career Criminal recommendation in the PSR. Defendant argued, in relevant part:

> It's simply our position that these prior convictions - while we may not be able to dispute their existence, I think the record and the facts are insufficient to allow this court to make a legal or a factual finding that they're, in fact, violent felonies. And

if the court cannot make that finding, then, obviously, the armed career criminal statute would not be triggered against him.

Sentencing Hr'g, *United States of America v. Jerry Thomas Speight*, 04-CR-10084-001T, *9 (W.D.Tenn. June 8, 2005).

The probation officer responsible for the preparation of the PSR testified at the sentencing hearing that the defendant had entered guilty pleas to two counts of wanton endangerment. The government then introduced into evidence indictments and judgments for two wanton endangerment convictions, and five generic burglary convictions. The government moved for a reduction in defendant's sentence below the statutory mandatory maximum of 180 months pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), because Sleight had provided substantial assistance to the authorities in the investigation of other crimes.

Following argument, the district court found that defendant did qualify as an Armed Career Criminal. The court applied the three-point reduction for substantial assistance, reducing Speight's total to 28. After reviewing the guidelines, the court found that a level 28 with a criminal history of VI has a sentencing range of 140 to 175 months.

After calculating the Guidelines range, and advising Sleight that the Guidelines were advisory, the court sentenced Sleight to 175 months imprisonment. The following exchange occurred during sentencing:

> **THE COURT:** Well, Mr. Sleight, it's hard to work up a great deal of sympathy for your - -
> **THE DEFENDANT:** I understand that.
> **THE COURT:** - - for your Kentucky time because you've earned that on your own. You did that completely independent of this court and this charge. That has nothing to do with the sentence that I'm to impose in this case. You have basically been a one-man crime wave for the last several years - -

**THE DEFENDANT:** Yes, sir.
**THE COURT:** - - and I'm sure Kentucky wants to give their police officers some relief from you, and that's why you're getting all those long sentences in Kentucky. The only issue before me today is what's a proper sentence for me to impose because of your conviction in this case. But in doing that, I have to consider several things, and one thing that just jumps out at me is your long criminal history. I've not seen many defendants with any more criminal history points than you have, and you're still a relatively young man. Now, it's true you've not been a murderer or a drug dealer, but you've been a thief and an escaper and a - -
**THE DEFENDANT:** Yes, sir.
**THE COURT:** It's very fortunate, Mr. Sleight, that when you had that gun, and these police officers were around, that somebody didn't get shot. Sometimes it's the defendant and sometimes it's a police officer, but that's a very volatile situation, and in many ways you're lucky to be standing here facing a sentence of years in prison rather than having been shot because there are some officers that would have likely shot you if they had been in that situation.
It's my judgment, Mr. Sleight, that you be committed to the custody of the Bureau of Prisons for a term of 175 months, which is the maximum available within the advisory guideline range that I have calculated.

Sentencing Hr'g, *United States of America v. Jerry Thomas Sleight*, 04-CR-10084-001T, \*37-8.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court's exercise of jurisdiction was proper, because defendant was indicted by a federal grand jury on September 23, 2005, for alleged violations of Title 18 U.S.C. § 922(g). This court has jurisdiction pursuant to 28 U.S.C. § 1291, because the defendant filed a timely notice of appeal from his final judgment in this federal criminal case.

This court reviews *de novo* a district court's interpretation of the Guidelines. Once this court has determined that the district court properly consulted the Guidelines, the sentence is reviewed for "reasonableness" in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005).

## III. ANALYSIS

### A. Sentencing Under the ACCA Was Proper

Under the Armed Career Criminal Act, 18 U.S.C. § 924(e), an individual who violates 18 U.S.C. § 922(g) and has a history of three previous convictions for a violent felony committed on different occasions shall be imprisoned for not less than fifteen years. 18 U.S.C. § 924(e)(1). The district court properly found that Sleight qualified as an Armed Career Criminal.

Defendant's argument that the district court lacked sufficient evidence to find that his previous convictions qualified him under the ACCA is without merit. The defendant pleaded guilty to being a felon in possession of a firearm, and he did not object to the prior violent felonies listed in the PSR. "At sentencing, the court may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Further, the district court heard the testimony of the probation officer who completed the PSR, and reviewed copies of the charging indictments and judgments of convictions of the defendant's prior "violent felonies."

The defendant argues that "[b]ecause the Armed Career Criminal Act make the defendant's convictions for prior crimes of violence or serious drug offenses an element of the offense, the violent and serious nature of those prior convictions must be proven beyond a reasonable doubt to a jury or admitted to by the defendant, as required by *Apprendi* and it's progeny." Br. of Appellant at 23. This statement does not reflect the current state of Sixth Circuit law. In *United States v. Barnett*, this court found that a sentencing court is not required to establish the nature or character of prior convictions for purposes of the ACCA by submitting the determination to a jury. 398 F.3d 516, 525 (6th Cir. 2005); *see also United States v. Bradley,* 400 F.3d 459, 462-63 (6th Cir. 2005). Instead, the court has the authority to determine the existence and nature of prior convictions. *Id.* Further, in *Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005) the Supreme Court held that a

sentencing court can rely on charging documents or judicial records to determine whether a prior

conviction qualifies as a generic burglary for purposes of the ACCA. Here, the documentary

evidence of Speight's previous criminal convictions established that he qualified as an Armed Career

Criminal.

### B. No *Booker* Error

Defendant argues that the sentence imposed does not meet the "reasonableness" requirement

imposed by *United States v. Booker*, 543 U.S. 220 (2005). Sleight claims that the district court

failed to consider each of the sentencing factors set out in 18 U.S.C. § 3553(a). While the district

court did not discuss all of the § 3553(a) factors, such recitation is unnecessary. Instead, the district

court must consider the factors, and "must articulate its reasoning in deciding to impose a sentence

in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th

Cir. 2005) (citing *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998)). We find that the

district court did so.

While the Sentencing Guidelines are now advisory, they remain an important part of the

sentencing process. Sentences within a properly calculated Guideline range - like Speight's - are

credited "with a rebuttable presumption of reasonableness." *United States v. Williams*, 436 F.3d

706, 708 (6th Cir. 2005). The *Williams'* court stated:

> If the sentencing judge exercises her discretion to impose a sentence within a
> properly calculated Guideline range, in our reasonableness review we will infer that
> the judge has considered all the factors for a fair sentence set forth in the Guidelines.
> Given the deference due the sentencing judge's discretion . . . it will be rare for a
> reviewing court to say such a sentence is "unreasonable."

*Id*. at 708 n.1 (quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)).

Here, the defendant has offered nothing to rebut the presumption. The only arguments advanced in support of his assertion that the sentence is unreasonable is the merit-less challenge to the ACCA determination, and the district court's failure to discuss the §3553 factors. Therefore, we find that the sentence is reasonable. This court must affirm Speight's sentence if it is "reasonable." *Williams*, 436 F.3d at 707 (citing *United States v. Christopher,* 415 F.3d 590, 594 (6th Cir. 2005)).

## IV. CONCLUSION

For the aforementioned reasons, the district court is **AFFIRMED**.