**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0431n.06
Filed: June 22, 2006

**No. 05-5687**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| GARY LEE DELANEY, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SILER, BATCHELDER, and GIBBONS, Circuit Judges.

**SILER**, Circuit Judge.  Gary Lee Delaney appeals his sentence after his conviction for being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Applying the enhancement

available under United States Sentencing Guidelines ("USSG") § 4B1.4(b) and 18 U.S.C. § 924(e),

the Armed Career Criminal Act ("ACCA" or "the Act"), the district court sentenced Delaney to 240

months' imprisonment with five years of supervised release, a sentence at the low end of the

advisory Guidelines range.  Delaney argues that the district court found the Guidelines range

"presumptively reasonable" in violation of *United States v. Booker*, 543 U.S. 220 (2005), and that

the district court erred in sentencing him under the ACCA because his prior convictions were neither

admitted nor proven beyond a reasonable doubt.  Because Delaney's arguments lack merit, his

sentence is **AFFIRMED**.

I.  Background

Delaney was convicted on the § 922(g) felon in possession charge, having previously been convicted of (1) receiving and concealing stolen property; (2) abduction of a female child for purpose of prostitution; (3) aggravated burglary; (4) aggravated robbery; and (5) arson. The presentence report ("PSR") determined that Delaney's base offense level was 24, in accordance with USSG § 2K2.1(a)(2), for possessing the firearm after "two felony convictions of either a crime of violence or a controlled substance offense." The PSR also recommended a two-level enhancement pursuant to USSG §2K2.1(b)(4) for a stolen firearm. Finally, given Delaney's prior convictions, the PSR recommended an armed career criminal enhancement, yielding a total offense level of 33. Based on Delaney's total offense level and his calculated criminal history category (IV), the PSR recommended a sentencing range of 235-293 months.

At Delaney's sentencing hearing, the court expressly noted that

[t]he sentencing range in your case is a very high range, 235 to 293 months. It seems, given your long criminal history, that that is a reasonable range.

On the other hand, given your age, I don't think that you need a sentence at the upper end because even toward the bottom end of the range, you'll be well into your sixties, perhaps Social Security age, before you get out anyway, maybe that's enough.

It's my judgment . . . that a sentence of 240 months is a reasonable sentence[.]

## II. Analysis

Delaney's sentence must be affirmed if it is reasonable. *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). Delaney argues that his sentence is unreasonable because the district court, in presuming the reasonableness of the range prescribed by the Guidelines, deprived him of proper integration of the statutory factors listed in 18 U.S.C. § 3553(a).

No. 05-5687
United States v. Delaney

This case differs in no material respects from that recently considered in *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006). *Williams* plainly set forth the rule that this court will "credit[] sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness." *Id.* at 708. Affording such sentences with a presumption of reasonableness comports with *Booker*. *Id.* Here, as in *Williams*, where the district court concludes that the sentencing range presented by the Guidelines is reasonable, and sentences within that range, there is no *ipso facto* error.

*Williams* considered the additional contention that the district court's focus on the Guidelines precluded meaningful consideration of the factors listed in § 3553(a). *Id.* at 708-09. We concluded that although the sentencing court must consider the list of § 3553 factors, its "consideration need not be evidenced explicitly." *Id.* at 708.

Delaney makes an identical argument. He complains that by relying on the recommended Guidelines range, the district court improperly failed to evaluate adequately the § 3553 factors when constructing his sentence. This argument must fail in light of *Williams*, as the court is not responsible for explicitly setting forth and discussing in detail each of the statutory factors. Putting this conclusion to one side, the district court's discussion during the sentencing hearing reflected a consideration of such factors. It noted that "given [Delaney's] long criminal history," the recommended Guidelines range appeared reasonable; this statement suggests at a minimum consideration of "the history and characteristics of the defendant" and "the need for the sentence imposed - to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1) & (2)(C). The court also took into account Delaney's age, another "characteristic[] of the defendant."

*Id.* § 3553(a)(1). Its conclusion that "a sentence of 240 months is a reasonable sentence" harmonizes with the statutory command to consider "the kinds of sentences available" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [sentencing] guidelines." *Id.* § 3553(a)(3) & (4)(A). Presumption notwithstanding, this sentence was reasonable.

Finally, Delaney argues that the district court violated his Sixth Amendment rights by sentencing him under the ACCA and USSG § 4B1.4, which allow for sentencing enhancements if the defendant is found to be an armed career criminal. The ACCA classifies a defendant as a career criminal and mandates a minimum sentence of fifteen years imprisonment if the defendant violates Section 922(g) and has three previous convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e). The Guideline implements the ACCA by providing a minimum criminal history category (IV) and specifying that if the offense level determined under the Guidelines is greater than the offense level otherwise applicable, the Armed Career Criminal Guideline offense level applies. USSG § 4B1.4 cmt. background (2004).

Delaney bases his final contention on the concurrence of Justice Thomas in *Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005), which discusses the "prior convictions exception" announced in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In his concurrence, Justice Thomas questioned the continuing validity of the prior convictions exception, noting that "[i]nnumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez-Torres*, despite the fundamental 'imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the . . . beyond-a-reasonable-doubt requirement[].'"

No. 05-5687
United States v. Delaney

*Shepard,* 125 S. Ct. at 1264 (quoting *Harris v. United States*, 536 U.S. 545, 581-82 (2002) (Thomas, J., dissenting)).

Whatever the merits of Justice Thomas's view on the constitutionality of the *Almendarez-Torres* exception, we have previously ruled that there is no requirement that the nature or character of prior convictions be determined by a jury. Indeed, we consider the district court's "authority to determine the existence of prior convictions [] broad enough to include determinations regarding the nature of those convictions." *United States v. Barnett*, 398 F.3d 516, 524 (2005). Because Delaney concedes that we disagree with the proposition that ACCA-supporting prior convictions must be proven beyond a reasonable doubt before they can be used to increase a sentence under either the ACCA or the career offender guideline, no further consideration of this argument is necessary.

**AFFIRMED**.