NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0572n.06
Filed: August 10, 2006

Case No. 04-1904

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff-Appellee,      )
                             )    ON APPEAL FROM THE
    v.                       )    UNITED STATES DISTRICT
                             )    COURT FOR THE WESTERN
TERRY LAWRENCE JENKINS,      )    DISTRICT OF MICHIGAN
                             )
    Defendant-Appellant.     )
                             )
_____    )

BEFORE:  BATCHELDER and SUTTON, Circuit Judges; FORESTER*, District Judge.

ALICE M. BATCHELDER, Circuit Judge.  In November 2003, police officers executed a search warrant at the home of the appellant, Terry Jenkins, whom they knew to be a felon.  The search revealed drugs, drug paraphernalia and four firearms.  Jenkins was indicted, and he pled guilty to being a felon in possession of one or more firearms in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the district court found that one of the guns in Jenkins's possession was stolen, a fact that increased the applicable Guidelines range.  On appeal, Jenkins argues that the district court's use of that factual finding in calculating his sentence violated his Sixth Amendment rights under *United States v. Booker*, 543 U.S. 220 (2005).  Because the district court did not treat the Guidelines as mandatory, and because the court adequately considered the factors named in 18 U.S.C. § 3553 and imposed a reasonable sentence, we affirm.

---

*The Honorable Karl S. Forester, Senior District Judge for the Eastern District of Kentucky, sitting by designation.

Although Jenkins was sentenced prior to the Supreme Court's decision in *United States v. Booker*, *supra*, he did raise an objection under *Blakely v. Washington*, 542 U.S. 296 (2004), to the district court's including in its sentencing calculations its factual finding regarding the stolen gun. We therefore review the district court's sentence for harmless error. *United States v. Christopher*, 415 F.3d 590, 593 (6th Cir. 2005).

We find no such error here. To begin with, Jenkins's sentence was not imposed in violation of the Sixth Amendment. As we noted in *Christopher*,

> The Court [in *Booker*] held that the Sixth Amendment requires that facts "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." As a remedy, however, the Court, rather than requiring that all facts supporting enhancements be proved to the jury, instead severed 18 U.S.C. § 3553(b), thereby rendering most Guidelines enhancements advisory.

*Id.* (internal citations omitted). Here, in calculating the applicable Guidelines range the district court did rely on its own finding that one of the guns Jenkins possessed was stolen, but the court did not treat the Guidelines as mandatory. During sentencing, the court explicitly ruled that the Guidelines were "facially unconstitutional," and characterized them as "nonbinding suggestions" and as "recommendations of factors that a serious court should consider in imposing a sentence." The court then stated that it could choose any sentence within the statutory range described by 18 U.S.C. § 922(g)(1). This use of a judge-found fact to support an enhancement did not violate the Sixth Amendment.

In *Christopher*, the district court sentenced the defendant both under mandatory Guidelines and, alternatively, as if the Guidelines were entirely inapplicable. We held that these alternative sentences were erroneous because neither correctly predicted the outcome in *Booker*, but we

2

nonetheless held that the error was harmless because the alternative sentence made it abundantly clear that the court would have imposed the Guidelines sentence even in the total absence of any guidelines. *Id.* at 593-94. Here, unlike the court in *Christopher*, the district court accurately foresaw the Supreme Court's *Booker* pronouncement that the Guidelines are one factor among many that a sentencing court is bound to consider. Hence, if there was any *Booker* error here, it was clearly harmless.

Having found that any *Booker* error was harmless, we must affirm Jenkins's sentence if it is reasonable. *Christopher*, 415 F.3d at 594. A sentence may be unreasonable when the district court fails to consider the factors listed in 18 U.S.C. § 3553(a). *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). A sentence properly calculated under the Guidelines is endowed with a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

The district court's sentence in this case was reasonable. First, the court correctly calculated the applicable Guidelines range, which was 100 - 125 months' imprisonment. Although Jenkins's counsel objected to the district court's including in its calculation the fact that one of the guns Jenkins admitted to possessing was stolen, that objection is, as we have noted above, without merit. Second, although the court did not explicitly invoke 18 U.S.C. § 3553, it considered the factors enumerated in the statute, including the nature and circumstances of the offense, Jenkins's criminal history and his need for drug rehabilitation, the need for the sentence imposed – specifically, the need to protect the public from further crimes of the defendant, and the need to reflect the seriousness of the offense – and the need to avoid unwarranted disparities in sentences. After entertaining argument from Jenkins's counsel on the appropriate length of incarceration, and

3

considering Jenkins's statements in allocution, the court imposed a sentence of 100 months' imprisonment, the lowest sentence in the Guidelines range. Finally, because the chosen sentence falls within the correctly calculated Guidelines range, it is entitled to a presumption of reasonableness under *Williams*, which Jenkins has not attempted to rebut on appeal.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.