**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0183n.06
Filed: March 8, 2007

**No. 06-3018**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| -Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Mohammad Shalash | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| -Appellant. | ) | |

**Before: DAUGHTREY and ROGERS, Circuit Judges; OBERDORFER, District Judge[*]**

**ROGERS, Circuit Judge:** Mohammad Shalash appeals the district court's decision to apply a two-level enhancement for Shalash's leadership role under U.S.S.G. § 3B1.1(c),[1] and to deny a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.[2] The panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). Because the district

---

[*]The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

[1]U.S.S.G. § 3B1.1 (Aggravating Role) provides:
Based on the defendant's role in the offense, increase the offense level as follows . . .
(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by two levels.

[2]U.S.S.G. § 3E1.1 provides, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense by 2 levels."

court correctly calculated the applicable Federal Sentencing Guidelines and was not unreasonable in imposing the within-Guidelines sentence, we affirm.

On April 22, 2005, a federal grand jury in the Southern District of Ohio indicted Shalash for multiple counts of production of fraudulent government identifications in violation of 18 U.S.C. § 1028(d)(3). The indictment alleged and Shalash admitted to bringing individuals to co-defendant Tammy Black, a clerk at the Ohio Bureau of Motor Vehicles, for the purpose of obtaining fraudulent government identifications. Each time Black provided someone with a fraudulent identification, Shalash provided Black with compensation in the form of a prepaid $10 wireless telephone card. In general, Shalash charged his customers $250 for access to Black. In all, Shalash and Black produced between 25 and 99 fraudulent Ohio driver's licenses and identification cards.

On August 9, 2005, Shalash pleaded guilty to several of the counts in the indictment. At sentencing, Shalash denied the extent of his involvement in the scheme by claiming that he "did not ever accept money from any of the individuals [that he] took" to see Black. The district court found Shalash's claims incredible, noting that it was highly unlikely that Shalash paid Black off "out of the kindness of his heart." Applying a 2-point enhancement for Shalash's leadership role and rejecting a 2-point reduction because Shalash did not accept responsibility for his offense, the district court calculated a Sentencing Guideline range of 30 to 37 months derived from a total offense level of 19 and a criminal history category of I. The district court then sentenced Shalash to 36 months of imprisonment, 3 years of supervised release, and $1,400 in special assessments.

The district court did not err in applying Section 3B1.1's enhancement because Shalash was "an organizer, leader, manager, or supervisor" of the criminal activity. Shalash cites his own self-serving post-plea statement to establish that he was not an organizer of the illegal scheme. The district court, however, did not clearly err when it rejected Shalash's description of events. *See United States v. Williams*, 940 F.2d 176, 180 (6th Cir. 1991) (standard of review is "clear error"). It was not clear error for the district court to find that a person would not bring individuals to a contact person at the Department of Motor Vehicles, help that person secure a fraudulent identification, pay the contact for each fraudulent identification, but then not charge for his services. The evidence instead establishes Shalash's extensive role. For each fraudulent identification, Shalash paid Black $10 but received $250 per document, or 96% of the sale price. Shalash, meanwhile, negotiated with individuals seeking fraudulent identification and contacted Black with the idea that Shalash had for the scheme. While Black exercised some discretion as to whether a particular individual would receive a license, Shalash exercised far greater decisionmaking authority (e.g. setting prices, determining whether to bring particular individuals to Black). For these reasons, the district court did not clearly err in finding that Shalash played a leadership role in the scheme.

Nor did the district court clearly err when it found that Shalash did not accept responsibility for his involvement in the scheme. *United States v. Mahaffey*, 53 F.3d 128, 134 (6th Cir. 1995) ("clearly erroneous" standard of review). Although Shalash entered a guilty plea, he was not entitled to a 2-point reduction under the Sentencing Guidelines because he denied the true extent of his involvement. The Commentary to the Guidelines notes that "a defendant who falsely denies, or

frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 comment n.1(a) (2004 ed.). Here, Shalash denied that he accepted payments and that he conspired with Black. The district court did not clearly err when it found that Shalash denied the true scope of his involvement.

Finally, Shalash contends that the district court's sentence was unreasonable. A sentence within the advisory Guideline's range is presumptively reasonable. *United States v. Williams*, 436 F.3d 707, 708 (6th Cir. 2006).[3] A district court, however, must consider the pertinent factors in 18 U.S.C. § 3553(a) before imposing a sentence. In this case, the district court considered these pertinent factors. It considered "the nature and circumstances of the offense and history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), when it described the illegal scheme ("Defendant took advantage of everyone involved in this case") and noted that "defendant has a minimal prior record and has had a stable life." JA 150-51. The district court considered "the need for the sentence imposed," 18 U.S.C. § 3553(a)(2), when it noted how "imprisonment appears to be the only way to impress upon [Shalash] the seriousness of his actions." JA 151. It then elaborated that the sentence would encourage Shalash to "reflect [upon] the seriousness of the offense," would "promote respect for the law," and would "provide just punishment for the offense" while

---

[3]We recognize that the United States Supreme Court granted *certiorari* on the question of whether it is consistent with *United States v. Booker*, 543 U.S. 220 (2005), "to accord a presumption of reasonableness to within-Guideline sentences." *Rita v. United States*, 127 S. Ct. 551 (Nov. 3, 2006). Even without the presumption of reasonableness, we affirm the defendant's sentence. In this case, the defendant offers no arguments (beyond suggesting that the district court failed to consider the relevant § 3553(a) factors) as to why his sentence was unreasonable.

"afford[ing] adequate deterrence to criminal conduct." JA 152. This discussion satisfies the requirement that a district court consider the pertinent § 3553 factors, *see, e.g.*, *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006), and Shalash cites no factors that the district court should have considered when reviewing the § 3553 factors. *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005).

For these reasons, we affirm the judgment of the district court.