NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0019n.06

No. 14-5365

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DEWAYNE DANYELLE DOUGLAS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SILER, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. In February 2013, Dewayne Danyelle Douglas was indicted on six counts of manufacturing, possessing, and dealing in counterfeit U.S. currency, and related aiding and abetting offenses. (2:13-cr-20049-1 (W.D. Tenn.), R. 1) While released on bond (*see* R. 11), Douglas passed two counterfeit U.S. twenty dollar bills. (2:13-cr-20336 (W.D. Tenn.), R. 1; PSR ¶ 4) As a result, Douglas was indicted in this case with one count of passing counterfeit U.S. currency in violation of 18 U.S.C. § 472. He pleaded guilty, and now challenges his sentence.

The district court determined that Douglas's base offense level was nine (R.29 at 4). The court added three levels under U.S.S.G. § 3C1.3 because the statutory sentencing enhancement under 18 U.S.C. § 3147 applied, given that Douglas committed the instant offense while on release in the other case (*id.* at 5, 9). The district court subtracted two levels for acceptance of responsibility, resulting in a total offense level of ten (*id.* at 10). In addition, the court added two

points to Douglas's criminal history category determination, pursuant to § 4A1.1(d), for committing the instant offense while under a "criminal justice sentence," resulting in a criminal history category of V.

Douglas objected to the enhancement under § 3C1.3, and, alternatively, Douglas objected to the two-point increase in his criminal history category determination.  (R. 21, PID 23)  The court rejected both objections.  Based on the total offense level of ten and a criminal history category of V, the court calculated the Guidelines imprisonment range at 21 to 27 months (*id.* at 12).  The district court sentenced him to 12 months in prison for the substantive offense and to a consecutive 6-month term under § 3147, for a total of 18 months' imprisonment.

On appeal, Douglas raises two arguments:  (1) the district court erred by applying the three-level increase under § 3C1.3 because, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the prosecution was required to allege in the indictment that he violated § 3147 and to prove the charge beyond a reasonable doubt; and (2) the district court engaged in impermissible double counting by using the same facts to increase both his total offense level under § 3C1.3 and his criminal history score under § 4A1.1(d).  We review a district court's interpretation and application of the Guidelines de novo and its factual findings for clear error.  *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008).

Before turning to Douglas's arguments, we note that the district court imposed a below-Guidelines sentence of 18 months' imprisonment, which is consistent with Douglas's arguments. Had the district court sustained Douglas's objection to the three-point enhancement under § 3C1.3, the Guidelines range would have been 12 to 18 months' imprisonment.  And had the court rejected his § 3C1.3 challenge but agreed with his alternative argument that the two

criminal history point increase was inappropriate, the Guidelines prison range would have been 15 to 21 months.

Douglas's first claim fails. In *United States v. Roberts*, No. 13-6554, 2014 WL 5394287 (6th Cir. Oct. 24, 2014), we rejected the same argument Douglas makes here. *See id.* at *1–3. In particular, we note that the "precise facts underlying the potential application of § 3147 were charged in the indictment and [Douglas] admitted the veracity of those facts" when he pleaded guilty and declined to object to the presentence report's factual findings. *Id.* at *3. (R.29 at 4; PSR at ¶¶ 4, 6). *Apprendi*'s prohibition on judicial factfinding does not apply where the defendant has admitted those facts. *See United States v. Yancy*, 725 F.3d 596, 602 (6th Cir. 2013). In addition, Douglas's sentence is well below the maximum sentence authorized by § 472.

Douglas, moreover, had sufficient notice to justify § 3147's application. A defendant who signs bond papers that contain § 3147's language receives sufficient notice that the enhancement under the statute may be imposed. *United States v. Ray*, 20 F. App'x 340, 342 (6th Cir. 2001) (citing *United States v. Lewis*, 991 F.2d 322, 323 (6th Cir. 1993)). Douglas's signed bond papers included the following statement:

> While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) any other sentence you receive.

(2:13-cr-20049, PID 30). In addition, Douglas received notice through the presentence report. *See United States v. Stovall*, 337 F.3d 570, 573 (6th Cir. 2003).

Douglas's alternative claim that the district court engaged in impermissible double counting likewise fails. Because a defendant's offense level and criminal history category are

intended to reflect different concerns, a district court may use the same facts to increase both the offense level and the criminal history score. *See United States v. Crace*, 207 F.3d 833, 838 (6th Cir. 2000).

Accordingly, we **AFFIRM** Douglas's sentence.